Eleanor P. ASHLEY, as Personal
Representative of the Estate of
Charles D. Ashley, Plaintiff,

v.

Cecil D. ANDRUS, Secretary of the
United States Department of the
Interior, Defendant.

No. 79–C–60.

United States District Court,
E. D. Wisconsin.

Aug. 16, 1979.

Scott W. Hansen, Reinhart, Boerner, Van
Deuren, Norris & Reiselbach, S. C., Milwau-
kee, Wis., for plaintiff.

Charles H. Bohl, Asst. U. S. Atty., Mil-
waukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action in which the plain-
tiff, as the personal representative of the
estate of Charles D. Ashley, seeks a declara-
tory judgment that the Department of the
Interior's interpretation of 30 U.S.C. § 181
et seq. and 43 C.F.R. § 3102.1–1 et seq. is
arbitrary, capricious and contrary to the
law, or in the alternative, plaintiff seeks
declaratory judgment that if the Interior
Department's interpretation is correct, that
the statutes and regulations are unconstitu-
tional. Pursuant to Rule 12(b)(3) of the
Federal Rules of Civil Procedure, defendant
moves to dismiss this action for improper
venue. Plaintiff opposes defendant's mo-
tion and has moved to strike portions of
defendant's motion.

According to plaintiff's complaint, the following events occurred which culminated in this litigation. In November of 1977, the decedent, Charles D. Ashley, contracted with the Resource Service Company in Milwaukee, Wisconsin, to file application cards with respect to oil and gas lotteries pursuant to 34 C.F.R. § 3102 et seq. According to the complaint, Mr. Ashley signed and delivered in advance numerous application cards, instructing Resource Service Company to file the application cards for lotteries to be held during the following twelve months. On February 8, 1978, before the twelve months had expired, Mr. Ashley died. His widow, Eleanor P. Ashley, as the personal representative of Mr. Ashley's estate, confirmed the lottery procedure entered into by Ashley at Resource Service Company and directed the company to continue filing application cards previously signed and submitted by the decedent.

Several application cards were filed on April 21, 1978, and on May 4, 1978, one of these application cards was selected first in the lottery, which entitled the winner to enter into a lease for the oil and gas rights to a parcel numbered MT789. Thereafter, on May 17, 1978, plaintiff, as personal representative, paid the Department of the Interior the first year rental on the parcel as required by 43 C.F.R. § 3112.4–1. According to the complaint, the Department accepted payment and to date has not refunded same.

On June 2, 1978, the Bureau of Land Management made a determination that plaintiff's application was not qualified to win the lottery since the decedent had died prior to the date on which the card was drawn. Plaintiff appealed this ruling to the Department's Interior Board of Land Appeal on the ground that the local officials had misconstrued 43 C.F.R. § 3102.1 et seq. and 30 U.S.C. § 181 et seq. But the appeal board determined that the regulations and statutes did not authorize plaintiff application as the personal representative of the estate of Charles Ashley. Thereafter, plaintiff commenced this action for determination by this Court of whether the Department of the Interior properly interpreted the statutes and regulations controlling oil and gas lease lotteries.

Plaintiff claims that venue properly lies in this district pursuant to 28 U.S.C. § 1391 that provides that:

A civil action in which a defendant is an officer or an employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which . . . (4) the plaintiff resides if no real property is involved in this action.

It is plaintiff's argument that no real property is involved in this action. Defendant, on the other hand, argues that real property is involved in this action and that, therefore, pursuant to 28 U.S.C. § 1391(e)(3), venue properly lies in the district where the lease interest is located.

The issue in this case is whether the lawsuit involves real property, and is thus a local action, or whether this is a transitory matter not involving real property. *See,* 1 Moore's Federal Practice, § 0.142[2–1]. Under 28 U.S.C. § 1391(e)(4), it is clear that if the subject matter of this lawsuit is real property, then venue in this district is not proper and the complaint should be filed in the appropriate district of North Dakota, where the leasehold is located.

There is no doubt that the underlying relief sought in this lawsuit is plaintiff's right, in her capacity as the personal representative of the estate of Charles D. Ashley, the lottery applicant, to the leasehold awarded in the lottery. There is also no doubt, however, that in her complaint, plaintiff is not seeking to have this Court award the property to her. Rather, plaintiff is merely seeking a declaration that the Department of the Interior has incorrectly interpreted the appropriate statutes and regulations, or if the Department correctly interpreted the statutes and regulations, that nevertheless the statutes and regulations are unconstitutional. Presumably, after such a determination, plaintiff would

assert her rights to the leasehold interest awarded in the lottery. Citing 77 Am.Jur., Venue, § 312 (1975), the Secretary argues that a suit to determine an interest in real property based upon a lease is an action local in character, and therefore should be brought in the district where the leasehold is located. The Secretary relies on several state court cases which hold that actions involving real estate are local in character. Defendant has not cited any cases which considered the issues brought before the Court by defendant's motion to dismiss.

■ Rather than looking at this case purely in terms of the question of whether real property is involved in the action, which must definitely be answered in the affirmative, the Court will ask whether, in fact, real property is involved in this action in the sense intended by 28 U.S.C. § 1391(e)(3). In the words of the United States Supreme Court, section 1391(e) was intended "to broaden the venue of civil actions which could previously have been brought only in the District of Columbia." *Schlanger v. Seamans,* 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 997, 28 L.Ed.2d 251 (1971). Under the statute, it is clear that if real property is only peripherally involved, the plaintiff retains his right to sue in the judicial district in which he resides. *State of Delaware v. Bender,* 370 F.Supp. 1193 (D.Del.1974); 1 Moore's Federal Practice, [0.142(7)] at 1444 n. 10. Though not directly on point, there is helpful language in the case of *Environmental Defense Fund v. Corps of Engineers of the United States Army,* 325 F.Supp. 728 (E.D.Ark.1970). There the plaintiffs were attempting to enjoin the Army Corps of Engineers from completing a project. It was argued by the defendant that the action involved real property and should have been brought where the real property was located. The court held that real property was not involved in the sense contemplated by section 1391(e)(4). The court stated:

> There is nothing that needs to be done to accomplish the objectives of the plaintiffs which can not be as readily done by this Court as that which could be done by,

say, the district court in Washington, D. C., had the plaintiffs filed there as permitted by section 1391. Indeed, if the plaintiffs here were limited to individual citizens residing in the Eastern District of Arkansas, it is very doubtful, in the Court's opinion, that venue would lie in the Western District because no "real property involved in the action," under the Court's analysis, is situated there. Id. at 732.

Even though the *Environmental Defense Fund* case is not directly on point, the logic of the language set forth above is helpful in the present case.

■ In examining the complaint in this action, it is clear that although real estate is involved, it is only in fact peripherally involved. Plaintiff does not request this Court to order the defendants to award plaintiff the leasehold denied in the hearing. Instead, plaintiff merely seeks to have this Court interpret the language of certain statutes and regulations and, if necessary, also determine the constitutionality of those provisions. This Court can determine the meaning and constitutionality of those statutes as well as a federal court seated in North Dakota. The issue in this case is whether the personal representative of an applicant to a leasehold lottery is entitled to the leasehold awarded though the applicant dies prior to the application's submission to the government and the drawing of the lottery card.

To be sure, a court ruling in plaintiff's favor, would, in effect be determining plaintiff's right to the leasehold. Nonetheless, the central issue involves the statute and not the underlying property. Therefore, this Court must find that real property is not involved in the sense intended by 28 U.S.C. § 1391(e)(4), and, therefore, plaintiff is entitled to bring this action in the district in which she resides.

Since this Court has determined that venue properly lies in this district, the Court need not reach plaintiff's motion to strike defendant's motion to dismiss this action for improper venue. Therefore, plaintiff's motion to strike will be denied as moot. In

light of the foregoing, defendant's motion to dismiss for improper venue and plaintiff's motion to strike must be and hereby are denied.