**Paul H. LANDIS et al., Plaintiffs,**

v.

**James WATT, Secretary of the Interior, et al., Defendants.**

**Civ. No. 80–2110.**

United States District Court, D. Idaho.

March 23, 1981.

Lynn J. Farnworth, Farnworth, Parmenter & Norton, Moscow, Idaho, for plaintiffs.

M. Karl Shurtliff, U. S. Atty., Jeffrey G. Howe, Asst. U. S. Atty., Boise, Idaho, Kathryn A. Oberly, Eleanor M. Granger, Attys., Dept. of Justice, Washington, D. C., for defendants.

## ORDER

RAY McNICHOLS, Chief Judge.

This action was filed on December 23, 1980 to appeal a decision of the Office of Hearings and Appeals, Interior Board of Land Appeals, in which the Administrative Law Judge upheld the rejection of offers and cancellations of 29 oil and gas leases in the states of Colorado, New Mexico, and Montana. The Secretary of the Interior responded by moving to dismiss under Rule 12(b)(3), Fed.R.Civ.P., for lack of proper venue. Plaintiffs have objected to the dismissal.

■ Venue in this case is governed by 28 U.S.C. § 1391(e), the pertinent provisions of which are set out in the margin.[1] Plaintiffs allege that venue is proper in Idaho under § 1391(e)(4) because a number of Plaintiffs reside here. The Defendant contends that venue of the case is controlled by § 1391(e)(3) because there is real property involved. The question thus becomes: Is real property involved?

Some light can be shed on this question by consulting the legislative history. In a letter to Senator Eastland, Chairman of the Senate Judiciary Committee, then-Deputy Attorney General Byron White suggested the reasons for amending 28 U.S.C. § 1391(e) to read as it now does. He said:

> The principal demand for this proposed legislation comes from those who wish to seek review of decisions relating to public lands, such as the awarding of oil and gas leases, consideration of land patent applications and the granting of grazing rights or other interests in the public domain. The applicants may reside in any State, or several States of the Union, and it would be unwise to have the Secretary sued in Maine with respect to an oil and gas lease in Wyoming.

---

1. (e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

S.Rept.No. 1992, 87th Cong., 2d Sess., reprinted in [1962] *U.S.Code Cong. & Adm. News 2789.* Thus, it was the understanding of at least the Justice Department that cases such as the present one involved real property. The Senate report adopted that position when it said:

> Frequently, these proceedings involve problems which are recurrent but peculiar to certain areas, such as water rights, grazing land permits, and mineral rights. These are problems with which judges in those areas are familiar and which they can handle expeditiously and intelligently.

*Id.,* at 2786.

The only case that has directly dealt with the present question is *Ashley v. Andrus,* 474 F.Supp. 495 (E.D.Wis.1979). That case also dealt with venue for an appeal of an Interior Board of Land Appeals decision. The district judge in that case decided that real property was definitely involved, but he held that it was only involved peripherally. The reason for this holding was as follows:

> Plaintiff does not request this Court to order the defendants to award plaintiff the leasehold denied in the hearing. Instead, plaintiff merely seeks to have this Court interpret the language of certain statutes and regulations and, if necessary, also determine the constitutionality of those provisions.

*Id.,* at 497. While the plaintiffs in the present case also raise the issue of the constitutionality of the regulations involved, their prayer for relief asks first that the "29 oil and gas leases which have been rejected or canceled be renewed forthwith." (Complaint, at 6.) Thus, the single point that the court in *Ashley* relied on, to find that no real property was involved, is not found in the present case. The Plaintiffs *do* want the court to order the issuance of oil and gas leases, and both the legislative history and the *Ashley* case support the proposition that real property is involved and venue in Idaho is improper.

Having determined that venue in Idaho is improper, the Court must next determine the proper solution. Although Plaintiffs have not moved the Court to transfer the case under 28 U.S.C. § 1404, they included in their Memorandum a request to that effect if the Court found venue in Idaho improper. The Defendant on the other hand asserts that the case should be dismissed and Plaintiffs should have to file three separate actions in the three districts wherein the oil and gas leases are located. The Defendant misconstrues the language of 28 U.S.C. § 1391(e)(3) which states that a suit such as this can be brought in "*any* judicial district in which . . . *any* real property involved in the action is situated . . . ." (Emphasis supplied.)

IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss be and hereby is DENIED.

IT IS FURTHER ORDERED that in the interests of justice the above-entitled action be and hereby is transferred to the United States District Court for the District of Montana.