Ellis R. FERGUSON, Plaintiff,

v.

Maxwell LIEURANCE, Wyoming State Director, Bureau of Land Management; Robert Burford, Director, Bureau of Land Management, Washington, D.C.; James Watt, Secretary of the Interior, being Agencies of the United States Department of the Interior, United States of America, Defendants.

Civ. No. R–83–37 BRT.

United States District Court, D. Nevada.

June 28, 1983.

---

## ORDER TRANSFERRING VENUE

BRUCE R. THOMPSON, District Judge.

Ellis Ferguson filed this action on February 2, 1983, against Maxwell Lieurance (Wyoming State Director of the BLM), Robert Burford (Director of the BLM), James Watt (Secretary of the Interior), and the United States, under 28 U.S.C. §§ 1361 and 2201. The complaint alleges that the BLM improperly rejected the plaintiff's 17 oil and gas lease applications. Consequently, the plaintiff's applications were not included in the November 1981 oil and gas lease drawings for government lands located in Wyoming. The complaint seeks the following: (1) a declaration that the plaintiff's applications were improperly rejected; (2) that the plaintiff's applications be included in a reselection procedure; and (3) that the defendants be enjoined from issuing the oil and gas leases until after the reselection. The case is presently before the court on the defendants' motion to dismiss the complaint for improper venue and failure to join indispensable parties.

Venue in this case is governed by 28 U.S.C. § 1391(e) which provides in part:

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action.

Ferguson alleges that venue in Nevada is proper under § 1391(e)(4) because he resides here and no real property is involved in the action. The defendants, on the other hand, contend that venue of the case is controlled by § 1391(e)(3) because there is real property involved. Thus, the issue in this case is whether the lawsuit involves real property.

Ellis R. Ferguson, pro se.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

For purposes of § 1391(e) an action involves real property if it is a suit involving the protection or recovery of real property or an estate therein. As the court in *Natural Resource Defense Council v. TVA,* 340 F.Supp. 400, 406 (S.D.N.Y.1971), stated:

The touchstone for applying § 1391(e)(4) cannot sensibly be whether real property is marginally affected by the case at issue. Rather, the action must center directly on the real property, as with actions concerning the right, title or interest in real property.

Where the action does center on real property, it is a local action which must be brought in the district where the realty is situated.

Two district court cases are directly concerned with this venue problem. In *Landis v. Watt,* 510 F.Supp. 178 (D.Idaho 1981), a change of venue was granted. The court quoted from the Congressional history and determined that the language "real property involved" as used in the statute was not intended to have some artistic, esoteric meaning, but should be construed in its normal sense, that is, where the real property is is where the action should be also. The *Landis* court distinguished the case of *Ashley v. Andrus,* 474 F.Supp. 495 (E.D.Wis.1979), which held, in an oil and gas lease case, that where the action seeks only declaratory relief it only "peripherally" involves real property and venue lies in the district of plaintiff's residence under 28 U.S.C. § 1391(e)(4). The *Landis* court pointed out that the plaintiff there did seek an order for the issuance of oil and gas leases, thus *Ashley* was distinguishable. We might similarly distinguish the present case because Mr. Ferguson prays for an injunction prohibiting the issuance of leases to the persons whose applications were accepted, but we decline to do so.

The proposition that an action for declaratory relief to hold void and unenforceable any statutes, rules, regulations or practices which prescribe essential preliminary steps or procedures to initiate entry on the public lands of the United States under the public land laws is not an action involving real property is a legal sophistry. The obvious and undeniable purpose of such an action is to place the public officials in a position which will require them to accept applications, issue permits, grant entry, or whatever, to the end that plaintiff will acquire the real property interest he seeks. Such an action does involve real property.

Plaintiff has not sought a change of venue—the motion by defendants is one for dismissal for improper venue. In preference to granting dismissal the court will order the case transferred to the District of Wyoming in the interests of economy. If this is not to plaintiff's liking he may enter a voluntary dismissal. *See Keadle v. Benedict,* 321 F.Supp. 1179 (E.D.Pa.1970); *Landis v. Watt, supra.*

In consideration of the premises,

IT HEREBY IS ORDERED that this action is hereby transferred to the District of Wyoming for further proceedings.